UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOHN MATAVA,

              Plaintiff,

   v.

CTPPS, LLC,

              Defendant.

Civil Action No.
3:22-CV-242 (CSH)

**FEBRUARY 15, 2022**

## RULING ON MOTIONS FOR EMERGENCY TEMPORARY INJUNCTION [Doc. 2] and FOR LEAVE TO PROCEED IN FORMA PAUPERIS [Doc. 3] AND ORDER OF DISMISSAL

**HAIGHT, Senior District Judge:**

## I. INTRODUCTION

*Pro se* Plaintiff John Matava brings this action to assert that he has been "denied substantive and procedural rights" in a state court action to evict him from a residential property located at 421 Riley Mountain Road, Coventry, Connecticut (the "Coventry property"). Doc. 1 ("Complaint"), ¶¶ 2-3. *See CTPPS, LLC v. Matava*, Case No. TTD-CV20-6021192-S ("State Action"). He argues that the state court has "denied his procedural and due process right[s] when [it] continues to schedule hearings and make orders, while the [adverse rulings in] the subject case [remain] pending in the [Connecticut] Appellate Court." *Id.* at 7. In filing the present action, Plaintiff now requests that this Court "[o]rder the Superior Court to dismiss the subject [state] case . . . or in the alternative correct the due process violations." *Id.*

Pending before the Court is Plaintiff's motion for "Emergency Temporary Injunction" [Doc.

2], which he has filed contemporaneously with his Complaint. He has also filed a "Motion for Leave to Proceed *In Forma Pauperis*" [Doc. 3]. For the reasons set forth below, the motions will be denied and the case dismissed.

## II.  DISCUSSION

In his "Motion for Emergency Temporary Injunction," Plaintiff moves "to prevent irreparable harm to the Plaintiff and his wife" which constitutes violations of their procedural and substantive due process rights under the "Fifth and Fourteenth Amendment[s]." Doc. 2, at 1. Plaintiff represents that these violations arise in the State Action in Connecticut Superior Court, Judicial District of Tolland (Housing Session),  in Rockville, Connecticut.  In that case, Connecticut Pre-Property Solutions Limited Liability Company ("CTPPS"), owner of the residential property at 421 Riley Mountain Road, Coventry, Connecticut, seeks to obtain possession of that property from Plaintiff and his wife, Jennifer Matava.  The Matavas have occupied the property since November 13, 2019, pursuant to a lease agreement, but have failed to pay monthly rent dating back to January 2020. *Id.* at 2. *See also* State Action "Complaint," ¶¶ 1-4.  Plaintiff believes that pursuant to state law, Conn. Gen. Stat. §§ 47a-4a, -7, -20, -33, and -33a, housing code violations (*i.e.*, heating and electrical problems) on the Coventry property bar CTPPS from collecting rent until corrections can be made. He also points to Governor Ned Lamont's Executive Orders and a U.S. Centers for Disease Control Order under § 361 of the Public Health Service Act, 42 U.S.C. § 264, to assert that such an eviction is banned. Doc. 2, at 2.

Since February 26, 2021, the Connecticut Superior Court has held a number of evidentiary and procedural hearings in the State Action, resulting in Matava being served by a marshal with a notice of summary process eviction (including an order "to be out by Monday," March 1, 2021). *Id.*

at 3.  Matava filed an appeal of the eviction order with the Connecticut Appellate Court, which that court denied. *Id.* at 3-4.  He was thereafter served in March 2021 with a series of three notices from a state marshal which ordered his eviction from the premises of the Coventry property. *Id.* at 4.  On September 21, 2021, Plaintiff filed a motion for reconsideration of the Connecticut Appellate Court's denial; and on  September 30, 2021, that court reopened the appeal, which remains pending. *See* "Order" of Connecticut Appellate Court, Case No. AC 44556, dated September 30, 2021.

Plaintiff thereafter sought stays of the Superior Court proceedings while the appeal was still pending, and, in particular, was successful in obtaining stays of scheduled summary process eviction hearings on May 14, 2021, and September 30, 2021. *Id.* at 4-5. However, at the present time, another judge has been assigned to the State Action and has granted CTPPS's third request for a hearing to obtain execution and possession.  *Id.* at 5-6. That hearing is now scheduled for February 18, 2022. *Id.* at 6.  In response, Plaintiff filed motions for review *en banc* in the Connecticut Appellate Court and for a continuance of the February 18 hearing in Superior Court; but both motions were swiftly denied.[1]  *Id.*

At the current time, Plaintiff requests that this District Court protect his due process rights under the Fifth and Fourteenth Amendments to the Constitution by issuing an emergency temporary injunction.  Specifically, Matava asks the Court to reverse the Connecticut Superior Court's decision

---

[1]  The Court takes judicial notice that on February 9, 2022, Judge Carletha Parkinson of the Connecticut Superior Court sustained CTPPS's objection to Matava's request for a continuance of the February 18, 2022 hearing.  In that Objection, CTPPS noted that Matava had failed to comply with that court's November 18, 2021 order to deposit $2,500 per month with the court as bond, which was $7,500 in arrears regarding the order, and over $40,000 in arrears for "past due rent and use and occupancy payments since the commencement of [Matava's] possession."  CTPPS Objection (dated Feb. 9, 2022), at 1.  Moreover, CTPPS characterized the requested continuance as  "simply a means to prolong possession of the premises all to the financial detriment of [CTPPS]."  *Id.*

to deny a continuance (*i.e.*, to bar the scheduled February 18, 2022, hearing) and thereby prevent "an execution for eviction and possession, before the pending appeal is heard on the merits." *Id*. at 8. He also provides a description of a number of rulings in the State Action which he believes have infringed upon his constitutional due process rights. *Id*. at 3-6.

**A. Motion for Temporary Restraining Order**

"A party seeking a temporary restraining order or preliminary injunction must show (1) irreparable harm in the absence of the relief sought and (2) either a likelihood of success on the merits or a sufficiently serious question going to the merits to make them a fair ground for litigation with a balance of hardships tipping decidedly toward the party requesting the preliminary relief." DIANE MARIE MCDOUGALL Plaintiff, v. FAUSTO CARUSONE, JESSICA BRAUS, DANIEL GLASS, AND JOHN AND JANE DOES (1-100) Defendants, No. 3:22-CV-206 (KAD), 2022 WL 394386, at *1 (D. Conn. Feb. 9, 2022) (citing *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)). "To determine whether a plaintiff has shown irreparable harm, 'the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law . . . are inadequate to compensate for that injury.'" *Hyde v. KLS Prof'l Advisors Grp., LLC*, 500 F. App'x 24, 25 (2d Cir. 2012) (summary order) (quoting *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010)). "[I]rreparable harm must be shown to be actual and imminent, not remote or speculative." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

A motion for a temporary restraining order ("TRO") is addressed to the discretion of the Court. *See, e.g., Gerber v. Seamans*, 332 F.Supp. 1187, 1190 (S.D.N.Y. 1971) ("The prayer for a

temporary restraining order is addressed to the equitable judgment of the Court."). Such a motion is sought under circumstances where the movant seeks to preserve the *status quo* pending a hearing on the motion for a preliminary injunction. *Garcia v. Yonkers School Dist.* 561 F.3d 97, 107 (2d Cir. 2009); *Sosa v. Lantz*, 660 F. Supp. 2d 283, 290  (D. Conn. 2009).   It is thus entered on an emergency basis to prevent "immediate and irreparable injury, loss or damage" from occurring before the opposing party may be heard.   Fed. R. Civ. P. 65 (b)(1)(A).

Moreover, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  Put simply, a temporary restraining order "should issue only for the purpose of preserving the status quo and preventing irreparable harm and for just so long as is necessary to hold a hearing." *Warner Bros. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1124 (2d Cir.1989).

Under Federal Rule of Civil Procedure 65, the Court may, in its discretion, issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (A)-(B); *see Sosa*  660 F. Supp. 2d at 290.

Given these principles of law, when a motion for temporary restraining order is filed, the Court generally orders an evidentiary hearing, allowing both parties to be heard before any potential irreparable injury or loss may occur.  However, as discussed *infra*, in the present circumstances, the Court is barred from granting the requested relief so must deny the motion and dismiss the action.

**B.  *Younger* Abstention Doctrine**

In the case at bar, Plaintiff requests this Court to interfere in an ongoing housing eviction proceeding in state court.  Such interference is barred by the "*Younger* Abstention Doctrine."  In *Younger v. Harris*, the Supreme Court "emphasized . . . [that] federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  The *Younger* abstention is "grounded in interrelated principles of comity and federalism," and "[b]oth considerations require federal courts to be cognizant that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Spargo,* 351 F.3d at 74-75 (citing *Younger*, 401 U.S. at 44) (internal quotation marks omitted).  Moreover, the *Younger* abstention "is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims." *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999) (citation omitted).

The "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo*, 351 F.3d at 75. *Younger* thus "generally prohibits courts from 'taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings' so as to avoid unnecessary friction." *Id.* (quoting *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). By providing states "'the first opportunity . . . to correct their own mistakes' when there is an ongoing state proceeding serves the vital purpose of 'reaffirm[ing] the competence of the state courts,' and acknowledging the dignity of states as co-equal sovereigns in our federal system." *Id.*

(quoting *Diamond "D" Constr.. Corp*., 282 F.3d at 200).

The requirements of *Younger* abstention are met here, as to any ongoing eviction proceedings: (1) there is an ongoing state proceeding; (2) an important state interest, the disposition of real property, is implicated; and (3) plaintiff may raise any constitutional claims in state court.[2] *See, e.g., Magana v. Wells Fargo Bank*, N.A., No. 3:17-CV-2176 (JCH), 2018 WL 3055782, at *2–3 (D. Conn. May 4, 2018) (abstaining under *Younger* from exercise of subject matter jurisdiction over Equal Protection claim related to ongoing eviction proceedings in Hartford Superior Court); *Woermer v. Hirsh*, No. 3:18CV01898(KAD), 2018 WL 7572237, at *4 (D. Conn. Dec. 11, 2018) (applying *Younger* to abstain from interference with ongoing state foreclosure proceeding); *Clark v. Bloomberg,* No. 1:10CV1263(JG), 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (finding that "the disposition of real property ... implicate[s] important state interests" and concluding that *Younger* abstention barred "claims to enjoin the foreclosure action and the eviction proceedings[ ]").

Both Plaintiff's TRO motion and his Complaint indicate that there are ongoing eviction proceedings in Connecticut Superior Court and pending appeals in Connecticut Appellate Court. Doc. 2, at 1-7; Doc. 1, at 2-5. The disposition of real property, such as in an eviction proceeding, implicates an important state interest. *See Clark*, 2010 WL 1438803, at *2. Matava has not indicated any reason why his constitutional claims under the Due Process Clause cannot be raised in the state

---

[2] To the extent that Plaintiff seeks relief from an *ongoing* rather than a *finalized* state proceeding, his claims would be barred by *Younger* abstention rather than the Rooker-Feldman doctrine. For Rooker-Feldman to apply: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Dorce v. City of New York,* 2 F.4th 82, 101-02 (2d Cir. 2021) (citation, internal quotation marks, and alterations omitted). In the present action, the state court actions are ongoing so that there has been no final *judgment*.

court proceedings. *Id.*   ("[T]here is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court."). Therefore, this Court must abstain from interference in the state eviction proceeding.

Due to the Court's lack of subject matter jurisdiction,  Plaintiff's emergency motion for injunctive relief will be denied.[3]  *See, e.g.*, *Diamond "D" Const. Corp.*, 282 F.3d at 197 ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter."); *Wilmington Tr., Nat'l Ass'n v. Est. of McClendon*, 287 F. Supp. 3d 353, 360 (S.D.N.Y. 2018) ("A motion to abstain is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).") (citation and internal quotation marks omitted).

## C.  Anti-Injunction Act

Additionally,  under the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court is barred from enjoining ongoing state court proceedings, including those involving real property, such as eviction or foreclosure. *See, e.g.,  Magana,* 2018 WL 3055782, at *2; *Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972).

The Anti–Injunction Act provides that a district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  *See, e.g.*, *Komatsu v. City of New York*, No. 1:20-CV-6510 (LLS), 2020 WL 8641274, at *7 (S.D.N.Y. Oct. 22, 2020) ( "The Act 'is an absolute prohibition against any injunction of any state-court proceedings,

---

[3]   Also, no exception to *Younger* abstention applies here. Narrow exceptions to *Younger* include: "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond "D" Const. Corp.*, 282 F.3d at 198 (quoting *Younger*, 401 U.S. at 54). However, a plaintiff bears the burden of establishing that one of the exceptions applies, *Kirschner v. Klemons*, 225 F.3d 227, 235–36 (2d Cir.2000); and Matava has failed to meet that burden.

unless the injunction falls within one of the three specifically defined exceptions in the Act.'")
(quoting *Vendo Co. v. Lektro-Vend. Corp.*, 433 U.S. 623, 630 (1977)).[4]

Matava's pleadings demonstrate none of the delineated exceptions. Furthermore, "[c]ourts in this Circuit have repeatedly held that the Anti–Injunction Act bars a federal court from enjoining state-court eviction proceedings." *Markey v. Ditech Fin. LLC*, No. 3:15-CV-1711 (MPS), 2016 WL 5339572, at *4 (D. Conn. Sept. 22, 2016) (quoting *Allen v. New York City Hous. Auth.,* No. 10 CIV. 168 CM DCF, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases)).

"[P]rinciples of equity, comity, and federalism. . . must restrain a federal court when asked to enjoin a state court proceeding," *Mitchum v. Foster*, 407 U.S. 225, 243 (1972). In the present case, Plaintiff's allegations in both his Complaint and his current TRO motion ask the Court to prevent the State Court from proceeding at the scheduled eviction hearing on February 18, 2022, and thereafter.[5] *See* Doc. 1, at 7 (requesting the Court to bar further proceedings by "dismiss[ing] the subject case (TTD-CV20-6021192-S)"); Doc. 2, at 8 (requesting "an Emergency Temporary injunction be issued, in the Superior Court case TTD-CV20-6021192-S, to prevent irreparable harm to the Plaintiff . . . and his wife, by the Superior Court issuing an execution for eviction and possession, before the pending appeal is heard on the merits"). Accordingly, Plaintiff's TRO motion

---

[4]  *Aff'd sub nom. Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603 (2d Cir. Dec. 20, 2021).

[5]  Plaintiff is advised that his contemporaneously filed motion to proceed *in forma pauperis* triggers the Court's duty to review his case pursuant to 28 U.S.C. § 1915 to determine whether it "is frivolous or malicious," or "fails to state a claim on which relief may be granted" within the meaning of § 1915(e). Section 1915(e) is "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit . . . ." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

will be denied and his case dismissed.[6]

**D.  IFP Motion**

Upon review of Plaintiff's Complaint and TRO motion, the Court finds that the relief sought is an injunction of an ongoing state action, to dismiss/bar further proceedings in the Connecticut Superior Court, including a scheduled eviction hearing on February 18, 2022. For example, in his Complaint, Plaintiff asks this Court to prevent further proceedings by "dismiss[ing] the subject case (TTD-CV20-6021192-S)" in its entirety. Doc. 1, at 7.  Pursuant to both the *Younger* doctrine and the Anti-Injunction Act, this Court is prohibited from granting such relief.

Plaintiff has filed a motion to proceed *in forma pauperis* ("IFP"), without prepayment of the filing fee, under 28 U.S.C. § 1915. However, because his action is barred by the *Younger* abstention doctrine and the Anti-Injunction Act, the Court must dismiss his action because it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (ii).  The Second Circuit has held that a district court may properly dismiss an action *sua sponte* for lack of subject matter jurisdiction, and in particular, may do so where "dismissal would have been mandatory under 28

---

[6] Although federal courts have disagreed about whether § 2283 is "jurisdictional in nature," various courts in the Second Circuit have held that, when applicable, the statute deprives the federal court of subject matter jurisdiction. *See, e.g.*, *Magana v. Wells Fargo Bank, N.A.*, No. 3:17-CV-2176 (JCH), 2018 WL 3055782, at *3 (D. Conn. May 4, 2018) ("If the Anti-Injunction Act bars an action, the court lacks subject matter jurisdiction and the case must be dismissed."). *See also generally* 19 *Fed. Proc., L. Ed.* § 47:125, "Prohibition of Indirect Restraints by Anti-Injunction Act" ("Where the injunction requested does not fall under any of the exceptions to the Act, the district court is deprived of jurisdiction either to grant such an injunction against enforcement of a state court judgment or to do so indirectly by declaring such a judgment to be unconstitutional."). *Cf. Shaw v. Garrison*, 328 F. Supp. 390, 401 (E.D. La. 1971) ("§ 2283 is not jurisdictional, but rather is a legislative enactment of the judicial doctrine of comity."), *aff'd*, 467 F.2d 113 (5th Cir. 1972).  Nonetheless, whether based on comity or a jurisdictional bar,  federal courts agree that absent an applicable exception, the Anti-Injunction Act prohibits federal-court intervention into state-court proceedings.

U.S.C. § 1915(e)(2)" if the plaintiff "sought to proceed *in forma pauperis*." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). *See also Parson v. Barrett,* No. 1:14-CV-1431 DNH/RFT, 2015 WL 5055279, at *3 (N.D.N.Y. May 21, 2015) (recommending that "pursuant to the Court's review under 28 U.S .C. § 1915 and § 1915A, Plaintiff's entire Complaint be should be dismissed pursuant to the *Younger* Abstention Doctrine"), *report and recommendation adopted*, No. 1:14-CV-1431 DHN/RFT, 2015 WL 5062363 (N.D.N.Y. Aug. 26, 2015); *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) ("Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, and as barred by the Anti-Injunction Act and the *Younger* abstention doctrine. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).").

Absent jurisdiction over Plaintiff's claims, the Court must dismiss the Complaint. *See* Fed. R. Civ. P. 12(h)(3). Pursuant to the *Younger* abstention doctrine and the Anti-Injunction Act, Plaintiff's Complaint fails to state a claim upon which relief may be granted. His request to proceed IFP [Doc. 3] will be denied as moot. Plaintiff may continue to address his legal arguments in the State Action to the Connecticut Superior Court and the Connecticut Appellate Court.

### III. CONCLUSION

In light of the relief sought in Plaintiff's motion for "Emergency Temporary Injunction" [Doc. 2] and his accompanying Complaint [Doc. 1], regarding ongoing state proceedings, this Court is barred by the *Younger* abstention doctrine and the Anti-Injunction Act from enjoining the ongoing eviction proceedings in Connecticut state court. Accordingly, Plaintiff's motion for a TRO [Doc. 2] is DENIED, his request for IFP status [Doc. 3] is DENIED as moot, and his Complaint [Doc. 1] is

DISMISSED for failure to state a claim.[7]

The Court recognizes the difficulties Mr. Matava is experiencing in his life, including medical disability and a potential impending removal from his residence due to unpaid rent. Doc. 2, at 1-2. Moreover, the Court generally disfavors *sua sponte* dismissal without giving a *pro se* litigant an opportunity to amend. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004). However, given Plaintiff's claim regarding ongoing state proceedings, the Court finds that the defects in his Complaint cannot be cured with amendment. *Koziel v. City Ct. of Yonkers*, 351 F. App'x 470, 471 (2d Cir. 2009). *See also, e.g., Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011) ("[T]he District Court properly dismissed the complaint without leave to amend. . . . Where a proposed amendment would be futile, leave to amend need not be given.") (citations omitted); *Ochei*, 2020 WL 528705, at *4 ("District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile."). Accordingly, the Court declines to grant Plaintiff leave to amend his Complaint.

This the rare case where dismissal of a *pro se* complaint must occur at an early stage of the proceedings because the Court lacks jurisdiction over the claims. *See, e.g., Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990). As a federal court, this Court is barred from interfering with the ongoing State Action. Plaintiff is reminded, however, that he may assert his due process rights in the state court proceedings, including the pending appeal.

---

[7] Alternatively as noted *supra, n.* 5, this Court's review of Plaintiff's Complaint, under 28 U.S.C. § 1915, due to his filed IFP motion [Doc. 3], mandates dismissal for failure to state a claim, and as barred by the *Younger* abstention doctrine and the Anti-Injunction Act. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

The action is DISMISSED in its entirety.  The Clerk is directed to close the file.  Also, the

Clerk shall mail a copy of this Order to Plaintiff and note service on the docket.

It is SO ORDERED.

Dated: New Haven, Connecticut
        February 15, 2022

                              */s/Charles S. Haight, Jr.*
                              CHARLES S. HAIGHT, JR.
                              Senior United States District Judge